UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| FRANK EDWARD STORK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:11-CV-004 RM |
| v. | ) | |
| | ) | |
| NICHOLAS McKINLEY, | ) | |
| and MICHAEL DVORAK, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Frank Edward Stork, a *pro se* prisoner, filed a complaint against two defendants. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. These claims are brought pursuant to 28 U.S.C. § 1983. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Stork alleges that while he was being booked into the St. Joseph County Jail on August 26, 2010, Officer Nicholas McKinley took his money without a warrant or probable

cause. Neither were required for an inventory search, such as this one at the jail, because "[a]t the station house, it is entirely proper for police to remove and list or inventory property found on the person or in the possession of an arrested person who is to be jailed." Illinois v. Lafayette, 462 U.S. 640, 646 (1983). Indeed, "[w]ith or without probable cause, the authorities were entitled at that point not only to search [his property] but also to take it from him and keep it in official custody." United States v. Edwards, 415 U.S. 800, 804 (1974). "Nor is there any doubt that clothing or other belongings may be seized upon arrival of the accused at the place of detention and later subjected to laboratory analysis or that the test results are admissible at trial." Id. at 803-04. Though Mr. Stork says Officer McKinley "stole my money" (complaint at 4), he also says that Prosecuting Attorney Michael Dvorak submitted the money as evidence in his criminal proceeding. So, based on the facts alleged, it is clear that the money was neither stolen nor improperly seized from Mr. Stork. Therefore, the claims against Officer Nicholas McKinley will be dismissed.

Mr. Stork also attempts to sue Michael Dvorak for retaining the money as evidence and using it as a part of the criminal prosecution. Whether the money is, as Mr. Stork argues, unrelated to his criminal case is a factual question to be resolved in the criminal case, not this one. Based on the facts alleged, Mr. Dvorak has prosecutorial immunity because evaluating potential evidence and submitting it to the court is intimately connected to his prosecutorial duties. Imbler v. Pachtman, 424 U.S. 409, 431 (1976) ( "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Therefore the claims against him will also be dismissed.

For the foregoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: January  31 , 2011

_____/s/ Robert L. Miller, Jr._____
Judge
United States District Court